UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>SCOTT PRUITT,<br><br>            Defendant. | CAUSE NO. 3:26-cr-11-CCB-SJF |

DISCOVERY AND SCHEDULING ORDER

To facilitate discovery and an efficient pretrial process and trial, and in accordance with Fed. R. Crim. P. 16, the court orders the following disclosures and submissions. Duties of disclosure in this order are continuous under Fed. R. Crim P. 16(c).

A. SUMMARY OF PRETRIAL DEADLINES

This section provides a snapshot of key deadlines in the usual non-complex criminal case. Additional deadlines may be triggered by unique circumstances in any given case. Accordingly, unless otherwise ordered:

(1) *Within 14 days of this order*:

- The government and defense must exchange pertinent discovery materials [*see* §§ B and C *infra*].

- The government must disclose anticipated expert testimony [*see* § B *infra*].

- The government must file a notice of complex case, if applicable [*see* § H *infra*].

(2) *Within 28 days of this order*:

- The parties must supplement pertinent discovery disclosures [*see* §§ B and C *infra*].

- The defense must disclose anticipated expert testimony (unless otherwise due) [*see* §§ B and C *infra*].

- The parties must file all pretrial motions [*see* § H *infra*].

- The parties must file any motion seeking relief from this order [*see* § H *infra*].

(3) *28 days before the final pretrial conference*:

- The government must provide the court its written proffer of co-conspirator statements under Fed. R. Evid. 801(d)(2)(E) [*see* § F *infra*].

(4) *14 days before the final pretrial conference*:

- The parties must file any motion *in limine* [*see* § H *infra*].

(5) *7 days before the final pretrial conference*:

- The government must provide the court and the defendant its Fed. R. Evid. 404(b) disclosure [*see* § G *infra*].
- The parties must file any response to a motion *in limine* [*see* § H *infra*].
- The parties must email a statement of the case to chambers [*see* § I *infra*].

(6) *Wednesday before trial (by noon ET)*:

- The parties must file proposed final jury instructions and email a Word copy to chambers [*see* § J *infra*].
- The parties must file proposed verdict forms and email a Word copy to chambers [*see* § J *infra*].

(7) *Thursday before trial (by noon ET)*:

- The parties must email witness lists to chambers [*see* § J *infra*].
- The parties must email proposed *voir dire* questions to chambers [*see* § J *infra*].

(8) *One business day before trial*:

- The government must disclose its witness list to the defense [*see* §§ D and J *infra*].

B.  GOVERNMENT DISCLOSURE

Within 14 days of this order, the government must (1) permit defense counsel to inspect and copy or photograph:

> (a) any written or recorded statements or confessions made by the defendant, or copies thereof, within the government's possession, custody or control, the existence of

2

which is known, or through the exercise of due diligence could be known, by the government's attorney;

(b) the portion of any written record containing the substance of any relevant oral statement made by the defendant before or after arrest in response to interrogation by any person then known by the defendant to be a government agent;

(c) the substance of any other relevant oral statement made by the defendant in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial;

(d) the relevant results or reports of any physical or mental examination, or any scientific test or experiment, including without limitation handwriting, fingerprint, handprint, voice print, and drug analysis, or copies thereof, if the item is in the government's possession, custody, and control, the government's attorney knows or through due diligence could know that the item exists, and the government intends to use the item in its case-in-chief at trial or the item is otherwise material to preparing the defense;

(e) the defendant's recorded testimony before a grand jury relating to the charged offense;

(f) books, papers, documents, data, tangible objects, buildings, or places, or copies or portions of these items, within the government's possession, custody, or control, that are the defendant's property, that the government intends to use as evidence-in-chief at trial, or that are material to preparing the defense, unless otherwise prohibited by statute; and,

(g) the defendant's prior criminal record; *and*

(2) disclose to the defendant, in writing, the information required by Fed. R. Crim. P. 16(a)(1)(G) for any testimony that the government intends to use at trial under Fed. R. Evid. 702, 703, or 705 during its case-in-chief. Any supplementation to these initial disclosures is due within 14 days thereafter.

If the defendant discloses expert testimony under Fed. R. Crim. P. 16(b)(1)(C)(i) (as ordered below), the government must, within 14 days thereafter, disclose to the defendant, in writing, the information required by Fed. R. Crim P. 16(a)(1)(G) for testimony the government intends to use at trial under Fed. R. Evid. 702, 703, or 705 for rebuttal or on the issue of the defendant's mental condition.

REV 08/23/2024

Nothing in this section compels the government's disclosure of information protected by Fed. R. Crim. P. 16(a)(2) or 18 U.S.C. § 3500.

### C.  DEFENSE DISCLOSURE

Within 14 days of this order, the defendant's attorney must permit the government's attorney to inspect and copy or photograph any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies of these items, within the defendant's possession, custody, or control, that the defendant intends to use in the defense's case-in-chief at trial. Any supplementation to these initial disclosures is due within 14 days thereafter.

Within 14 days of the government's disclosure of any results or reports of physical or mental examinations or scientific tests or experiments, the defendant must permit the government to inspect and copy or photograph any relevant results or reports of physical or mental examinations and scientific tests or experiments, or copies thereof, within the defendant's possession, custody, or control, if the defendant intends to use it as evidence-in-chief at trial or intends to call the witness who prepared the report and the report or results relate to that witness's testimony.

If the government discloses expert testimony under Fed. R. Crim. P. 16(a)(1)(G) (as ordered above) or the defendant has given notice under Fed. R. Crim. P. 12.2(b) of an intent to present expert testimony on the defendant's mental condition, the defendant must, within 14 days of such disclosure or notice, disclose to the government, in writing, the information required by Fed. R. Crim. P. 16(b)(1)(C) that the defendant intends to use under Fed. R. Evid. 702, 703, or 705 as evidence at trial.

### D.  WITNESS LISTS AND PRIOR STATEMENTS

The court urges the government to disclose witness lists and prior statements governed by Fed. R. Crim. P. 26.2 and 18 U.S.C. § 3500 (Jencks Act) as soon as the government deems prudent, but declines to compel disclosure of witnesses to the defendant more than one working day before trial, *see Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Napue*, 834 F.2d 1311, 1317-18

(7th Cir. 1987), or Jencks Act material until after the witness testifies on direct examination, *see United States v. Morrison,* 946 F.2d 484, 494 (7th Cir. 1991); *Napue*, 834 F.2d at 1318; *United States v. Harris*, 542 F.2d 1283, 1291 (7th Cir. 1976), *cert. denied*, 430 U.S. 934 (1977). The parties must email to chambers a list of witnesses by noon (ET) the Thursday before trial.

E.  *BRADY* MATERIAL

Pursuant to the Due Process Protections Act, Pub. L. 116-182, 134 Stat. 894 (2020), and Fed. R. Crim P. 5(f), the court reminds the parties of the government's obligation to disclose all material exculpatory evidence, impeachment evidence, or evidence otherwise favorable to the defendant, which arises by way of constitutional due process under *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Smith v. Cain*, 565 U.S. 73 (2012); and *Turner v. United States*, 137 S. Ct. 1885 (2017), and orders the government to disclose such material on a timely basis, *see, e.g., United States v. Lawson*, 810 F.3d 1032, 1043 (7th Cir. 2016) (disclosure must occur in time "for the defendant to make effective use of the exculpatory material"). Favorable evidence under *Brady* need only have some weight. The failure to disclose such material in a timely manner may result in serious consequences, including without limitation the exclusion of evidence, adverse jury instructions, dismissal of charges, vacating of a conviction or sentence, sanctions, contempt or other disciplinary action. In accordance with the government's obligations under the Constitution and this order, the court will deem any request for *Brady* material to be directed to the government under *Agurs* rather than to the court.

F.  CO-CONSPIRATOR STATEMENTS

At least 28 days before the final pretrial conference, the government must provide the court a written proffer setting forth any statements it will seek to admit at trial against a defendant pursuant to Fed. R. Evid. 801(d)(2)(E), and the evidence on which the government will rely to show that (1)

the conspiracy existed, (2) the defendant against whom each statement is offered and the declarant were members of the conspiracy; and (3) the statement was made during the course of and in furtherance of the conspiracy, consistent with *United States v. Andrus*, 775 F.2d 825 (7th Cir. 1985) and *United States v. Santiago*, 798 F.2d 246 (7th Cir. 1986). A party may request that the proffer be placed under seal. The court's determination on admissibility will be preliminary pending trial. *See also* Fed. R. Evid. 104(a); *United States v. Rodriguez*, 975 F.2d 404, 406 (7th Cir. 1992); *United States v. Cox*, 923 F.2d 519, 527 (7th Cir. 1991).

### G.  UNCHARGED MISCONDUCT

At least 7 business days before the final pretrial conference, the government must provide the defendant, and submit in writing to the court, notice of the general nature of any evidence it intends to offer under Fed. R. Evid. 404(b) at trial, including the purpose for which the evidence is to be introduced and the government's reasoning that supports that purpose.

### H.  MOTIONS

If a case involves complex charges or is otherwise complex, the government must file a notice with the court within 14 days of this order.

The parties must file all pretrial motions within 28 days of this order. The parties also must file any motion seeking relief from this order within 28 days of this order. N.D. Ind. L.R. 7-1 governs the briefing schedule for any such pretrial or discovery motion.

The parties must file any motion *in limine* no later than 14 days before the final pretrial conference and any related response 7 days before the conference. The motion *in limine* must be filed as a single document by any one party, though it may raise as many issues for exclusion within the motion as appropriate. Before filing a motion *in limine*, the parties must confer to determine whether agreement exists or whether the subject matter will be contested. The court expects a meaningful conference between counsel. Only contested issues may be included in a motion *in limine*. After the

motion deadline passes, the parties must notify the court as soon as possible if any witnesses timely disclosed for the first time will result in a motion in *limine*.

## I. PRETRIAL STATEMENT

The court will hold a final pretrial conference. The defendant is required to attend the final pretrial conference, but such attendance may be excused by the filing of a motion of non-attendance for good cause.

The parties must submit a statement of the case 7 days before the final pretrial conference. The statement should be sent to brisco_chambers@innd.uscourts.gov and need not be filed, though it must be disclosed to the other party so long as a request to redact or seal has not been previously approved. The statement of the case should identify the following:

(1) precise issues to be tried;

(2) elements of the charges in the indictment;

(3) any stipulations of the parties;

(4) exhibits and arguments anticipating their admissibility;

(5) expert witnesses, area of expertise, and a concise summary (not to exceed five sentences) of their opinions and bases;

(6) prior convictions and their admissibility;

(7) questions that may arise under *Jackson v. Denno*, 378 U.S. 368 (1964) (confessions and admissions) and *Bruton v. United States*, 391 U.S. 123 (1968) (co-defendant confessions and right to confrontation);

(8) questions that may arise under *United States v. Echeles*, 352 F.2d 892 (7th Cir. 1965) (trial separation) in multi-defendant cases;

(9) agreements among defense counsel in multi-defendant cases concerning the order of questioning and presentation of defenses;

(10) other evidentiary questions or legal issues reasonably anticipated to arise at trial; and

(11) whether arrangements have been made for a defendant to appear in civilian clothes for trial, noting that defense counsel must ensure that clothes for a

defendant in custody are delivered to the United States Marshals Service at least one business day before trial.

## J.  FINAL PRETRIAL FILINGS

The parties must submit proposed final jury instructions and verdict forms (with authorities) the Wednesday before trial (by noon ET). The parties should submit these materials in Word (not PDF) to chambers at brisco_chambers@innd.uscourts.gov, and electronically file the same on the docket.

The parties must submit witness lists and proposed *voir dire* questions to the court the Thursday before trial (by noon ET). The parties should submit these materials in Word (not PDF) to chambers at brisco_chambers@innd.uscourts.gov. The Court's standard *voir dire* questions are on the Court's webpage at https://www.innd.uscourts.gov/content/judge-cristal-c-brisco-0, and the parties should accordingly not submit duplicative *voir dire* questions or those covered by the jury questionnaire.

The government must disclose its list of witnesses to the defense no later than one business day before trial. Again, the parties must email to chambers a list of anticipated witnesses by noon (ET) the Thursday before trial.

Counsel are encouraged to visit https://www.innd.uscourts.gov/content/judge-cristal-c-brisco for updates to the court's case management and trial procedure preferences.

SO ORDERED.

<u>February 17, 2026</u>         <u>s/Scott J. Frankel</u>
Date                              Scott J. Frankel.
                                  United States Magistrate Judge

8